UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CR378 CDP |
| | ) | |
| MELISSA CUNNINGHAM, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Defendant Melissa Cunningham filed a motion to reduce her sentence under 18 U.S.C. § 3582(c)(2), seeking to benefit from retroactive Sentencing Guidelines Amendment 782, which reduced the guidelines range for many drug offenses. The Probation Office filed a report indicating that Cunningham was not eligible for a reduction because the sentence she originally received was a variance from the guidelines and was below her new guidelines range. The government opposes the motion for reduction for the same reason. I agree that Cunningham is not eligible for a reduction in sentence because her sentence is below the new guidelines range, so I will deny her motion.

## Discussion

Absent statutory authority, the Court cannot reduce a final sentence. Section 3582(c)(2) of Title 18 provides authority for the court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." In Amendment 782 the United States Sentencing Commission lowered many drug sentencing ranges. The Sentencing Commission determined that the reduction should apply retroactively, and added Amendment 782 to the list of retroactive amendments in U.S.S.G. § 1B1.10(d). Thus, many defendants previously sentenced for drug crimes are eligible for reduced sentences. Unfortunately for Ms. Cunningham, she is not one of them.

Cunningham pleaded guilty to two counts of possession of pseudoephedrine knowing and having reasonable cause to believe it would be used to manufacture methamphetamine. Her total offense level was 29 and she was in criminal history category IV, so her sentencing guidelines range was 121 to 151 months. I sentenced her on March 25, 2009 to 96 months, which was a variance from the guidelines. Under Amendment 782, her new total offense level would be 27, and since she is in criminal history category IV, the new guidelines range is 100 to 125 months. Her sentence of 96 months is therefore below the new guidelines range.

Even though Amendment 782 lowered the applicable guidelines range applicable to Cunningham, I cannot reduce her sentence, because the sentence she received originally is below the amended guidelines range. U.S.S.G. § 1B1.10(b)(2)(A) prohibits reducing a sentence in this situation: " . . . the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guidelines range . . ." Because any reduction from the sentence already imposed would be below the new range, defendant is not eligible for a reduction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motions to reduce her sentence [#227, 237] are denied, and the motion to withdraw filed by appointed counsel [#235] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2015.